IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-1300-HLT-KGG |
| ) | |
| SEDWICK COUNTY DISTRICT ) | |
| ATTORNEY'S OFFICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMOPRANDUM & ORDER ON MOTIONS and
REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his Complaint, Plaintiff filed a Motion for Appointment of Counsel (Doc. 3) and a Motion to Proceed Without Prepayment of Fees ("IFP application") with a supporting financial affidavit (Docs. 4 and 4-1, sealed). For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **GRANTED** while his request for counsel (Doc. 3) is **DENIED**. The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as barred by the applicable statute of limitations.

**I.     Nature of the Matter before the Court.**

Plaintiff brings his *pro se* Complaint alleging violations of his civil and constitutional rights relating to an arrest in October 2018. (Doc. 1.) The

1

Complaint alleges that Defendant "violated [Plaintiff's] Constitutional Rights when they prosecuted the Plaintiff rights [sic] arresting him twice for the same crime on October 23, 2018[,] putting Plaintiff in jail."[1] (*Id*., at 4.) The Court notes that the allegations alleged herein are similar to, and result from the same arrest as, those alleged in Case No. 21-3244-SAC. That case was dismissed by the District Court as barred by the applicable statute of limitations. (No. 21-3244-SAC, Docs. 1, 6.)

## II.   Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

---

[1] The Court notes that Plaintiff has filed numerous cases against this Defendant as well as the State of Kansas, presumably relating to this same arrest and/or incarceration. D. Kan. Case Nos. 21-1153-JWB-KGG, 21-1250-JWB-KGG, 21-3199-SAC, 21-3244-SAC. Each of these cases have been dismissed by the District Court.

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 55 and single with no dependents identified.  (Doc. 4-1, sealed, at 1-2.)  Plaintiff is currently unemployed, and lists no previous employer(s).  (*Id*., at 2-3.)  His lists no income of any kind and no government benefits.  (*Id.*, at 4-5.)  He does not own real property or an automobiles.  (*Id*., at 3-4.)  He lists a no cash on hand.  (*Id*., at 4.)  He lists no monthly expenses or debts.  (*Id*., at 5-6.)  Plaintiff has not filed for bankruptcy.  (*Id*., at 6.)

The Court is concerned as to the lack of information Plaintiff has provided in his financial affidavit.  Absent any income or government assistance, the Court is unable to determine how Plaintiff is able to provide for himself in even the most rudimentary way.  That stated, considering the financial information provided

herein as well as in other cases filed by this same Plaintiff, *see* n.1, *supra*, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 4, sealed.)

**II.   Motion for Counsel.**

The Court next addresses Plaintiff's request for the appointment of counsel. (Doc. 3.)  There is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003); **Carper v. DeLand**, 54 F.3d 613, 616 (10th Cir. 1995); **Durre v. Dempsey**, 869 F.2d 543, 547 (10th Cir. 1989). In civil cases, the decision to appoint counsel lies within the discretion of the District Court. **Williams v. Meese**, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." **Steffey v. Orman**, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted). It is insufficient justification for Plaintiff to merely show "that having counsel appointed would have assisted [him] in presenting his strongest possible case, [as] the same could be said in any case." **Steffey v. Orman**, 461 F.3d 1218, 1223 (quoting **Rucks v. Boergermann**, 57 F.3d 978, 979 (10th Cir. 1995)). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

4

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As for the first factor, Plaintiff has established his inability to afford counsel. *See supra*. This factor weighs in favor of appointing counsel. The second factor is Plaintiff's diligence in searching for counsel. Plaintiff's motion lists six attorneys he contacted regarding representation. For at least four of the listed attorneys, Plaintiff either merely left a message or indicates that the attorney did not return his call. (Doc. 3, at 2-3.) The form motion clearly indicates, however, that he is required to "<u>confer with</u> (not merely contact) at least five attorneys regarding legal representation." (*Id.*, at 2 (emphasis in original).) Although Plaintiff has not

technically complied with the requirements of the form motion, the Court finds that, for purposes of this motion, he has been diligent, albeit unsuccessful, in attempting to secure legal representation.

The next factor is the viability of Plaintiff's claims in federal court. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. For purposes of this motion, the Court has concerns with the facial viability of Plaintiff's claims, as discussed in the final section of this Order, *infra*.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. ***Castner***, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf*. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. As stated above, although Plaintiff is not trained as an attorney, and while an attorney might present

this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 3) is **DENIED**.

### III. Sufficiency of Claims.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all

7

well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P.

8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

As discussed above, Plaintiff's Complaint alleges that Defendant violated his civil and constitutional rights relating to an arrest in October 2018. (Doc. 1.) More specifically, the Complaint alleges that Defendant "violated [Plaintiff's] Constitutional Rights when they prosecuted the Plaintiff rights [sic] arresting him twice for the same crime on October 23, 2018[,] putting Plaintiff in jail." (*Id.*, at 4.)

The applicable statute of limitations for §1983 actions is determined by the forum state's statute of limitations for personal injury actions. *See* **Hardin v. Straub**, 490 U.S. 536, 539 (1989); *see also* **Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.**, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). "In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." **Brown**, 465 F.3d at 1188; see also K.S.A. § 60-513(a)(4) (stating that "[a]n action for injury to the rights of another" "shall be brought within two years"); *see also* **Neighbors v. Lawrence Police Department**, No. 15-4921-DDC-KGS, 2016 WL 3685355, at *12 (D. Kan. July 12, 2016).

> While state law governs the length of the limitations period, 'the accrual date of a §1983 cause of action is a question of federal law that is not resolved by reference to state law.' **Wallace v. Kato**, 549 U.S. 384, 388 (2007).

> Under federal law, a § 1983 claim accrues 'when the plaintiff has a complete and present cause of action.' *Id.* (citation and internal quotation marks omitted). The Tenth Circuit presumes that § 1983 claims arising out of police conduct accrue when the actions actually occur.' **Beck v. City of Muskogee Police Dep't**, 195 F.3d 553, 558 (10th Cir. 1999) (citation and internal quotation marks omitted).

*Neighbors*, 2016 WL 3685355, at *12.

As to the facts alleged by Plaintiff, Defendants' actions or omissions in regard to Plaintiff's claims clearly occurred more than two years before Plaintiff filed his federal court Complaint on December 30, 2021. (Doc. 1.) Further, Plaintiff has not alleged facts suggesting he would be entitled to statutory or equitable tolling of the statute of limitations. As a result, Plaintiff's claims are time-barred and dismissal is appropriate. *See* **Fratus v. Deland**, 49 F.3d 673, 674-75 (10th Cir. 1995) (a district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** while his IFP Application (Doc. 4, sealed) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as barred by the applicable statute of limitations. The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 3rd day of January, 2022.

/s Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge